# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**YU'KEBBA DONLE WASHINGTON, #050310**  PLAINTIFF

**VERSUS**  **CIVIL ACTION NO. 3:10-cv-34-HTW-LRA**

**MADISON COUNTY BOARD OF SUPERVISORS, et al.**  DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, an inmate of the Madison County Detention Center, filed a Complaint pursuant to Title 42 U.S.C. § 1983 and requested *in forma pauperis* status. On January 19, 2010, two orders were entered in this action. One order directed the Plaintiff to pay the required $350.00 filing fee or file a completed in forma pauperis application, within thirty days. The other order directed the Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. The Plaintiff failed to comply with both of the orders. The Plaintiff was warned in these court orders that failure to timely comply with the requirements of the orders may lead to the dismissal of his Complaint.

On March 3, 2010, the Court entered an order [7] directing the Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's orders of January 19, 2010. In addition, Plaintiff was directed to file his response and comply with the Court's orders by filing the required documents, on or before March 24, 2010. The Plaintiff was warned in the show cause order that failure to comply with the requirements of the order by March 24, 2010, would lead to the dismissal of his Complaint. The Plaintiff failed to

comply with this order.

On April 9, 2010, a second order [8] was entered directing Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's orders of January 19, 2010, and March 3, 2010. Plaintiff was directed to file his response and comply with the Court's orders by filing the required documents, on or before April 30, 2010. The Plaintiff was warned in the show cause order that failure to comply with the requirements of the order by April 30, 2010, would lead to the dismissal of his Complaint. The Plaintiff has not complied with this order.

Plaintiff has failed to comply with four court orders and he has not contacted this Court since January 15, 2010. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil

Procedure is proper. *See Rice v. Doe*, 306 Fed. App'x 144 (5th Cir. 2009). Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the 21st day of May, 2010.

> s/ HENRY T. WINGATE
> CHIEF JUDGE
> UNITED STATES DISTRICT COURT